IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **MAURO SERRANO, III, MARQUEETA DANIELS and ALLEN R. KELLY, III** Individually and on behalf of all others similarly situated | § § § § § § | |
| *Plaintiffs,* | § | Civil Action No. _____ |
| v. | § § | **JURY TRIAL DEMANDED** |
| **PROGRESSIVE WASTE SOLUTIONS OF TEXAS, INC and WASTE CONNECTIONS, INC.** | § § § § | |
| *Defendants* | § § | **COLLECTIVE ACTION** |

**PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT**

Plaintiffs Mauro Serrano, III Marqueeta Daniels and Allen R. Kelly, III, on behalf of themselves and all current and former Waste Disposal Drivers (hereinafter "Plaintiffs and the Putative Class Members") bring suit against Progressive Waste Solutions of Texas, Inc. and Waste Connections, Inc. (collectively "Defendants"), to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

**I.
OVERVIEW**

1.1     This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*

1.2     Plaintiffs and the Putative Class Members are those persons who are current and former non-exempt employees of Defendants who worked as waste disposal drivers and were responsible for hauling waste and garbage to the appropriate facilities throughout the United States.

1.3     Plaintiffs and the Putative Class Members routinely worked (and continue to work) in excess of forty hours per workweek.

1.4     Defendants have knowingly and deliberately failed to compensate Plaintiffs and the Putative Class Members for all hours worked in excess of forty hours each workweek on a routine and regular basis in the last three years.

1.5     Specifically, Defendants automatically deducted (and continue to deduct) 30 minutes from Plaintiffs and the Putative Class Members' daily time even though Plaintiffs and the Putative Class Members regularly worked (and continue to work) "off-the-clock" through their respective meal period breaks.

1.6     Plaintiffs and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.[1]

1.7     Plaintiffs and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

1.8     Plaintiffs also pray that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

2.1     Plaintiff Mauro Serrano, III was employed by Progressive Waste Solutions, Ltd. (hereinafter "Progressive"), Progressive Waste Solutions of Texas, Inc. (hereinafter "Progressive of

---

[1] All exemptions are to be narrowly construed and the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).

Texas") and Waste Connections, Inc. (hereinafter "Waste Connections") within the meaning of the FLSA within this judicial district within the relevant three-year period.[2]

2.2     Plaintiff Marqueeta Daniels was employed by Progressive Waste Solutions, Ltd. and Waste Connections within the meaning of the FLSA within the relevant three-year period.[3]

2.3     Plaintiff Allen R. Kelly, III was employed by Waste Connections within the meaning of the FLSA within the relevant three-year period.[4]

2.4     The Putative Class Members are those current and former non-exempt waste disposal drivers employed by Defendants and who were subjected to the same illegal pay system under which Plaintiffs worked and were paid.

2.5     Defendant Progressive of Texas is a domestic corporation and can be served with process through its registered agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701. Upon information and belief, Defendant Progressive of Texas was a wholly owned subsidiary of Progressive, and is currently a wholly owned subsidiary of Defendant Waste Connections.

2.6     Defendant Waste Connections is foreign corporation that does business in the State of Texas. Defendant Waste Connections can be served with process through its registered agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701. Upon information and belief, Waste Connections merged with Progressive and expressly assumed responsibility of Progressive's liabilities. After Waste Connections merged with Progressive, there was substantial continuity between the business operations of the two companies—upon further information and

---

[2] The written consent of Mauro Serrano, III, is attached hereto as Exhibit A.

[3] The written consent of Marqueeta Daniels is attached hereto as Exhibit B.

[4] The written consent of Allen R. Kelly, III, is attached hereto as Exhibit C.

belief, Progressive maintained the same managers/supervisors, business models, employees, equipment and facilities, provided (and continues to provide) the same services to the same clients, knew that Progressive's 30-minute meal period deduction occurred and that Progressives' drivers, like its own, worked through that meal-period break for the benefit of the employer.

2.7    Prior to the merger with Waste Connections, Progressive was a joint employer with Progressive of Texas pursuant to 29 C.F.R. § 791.2. They had common ownership, oversight, and control over Plaintiffs and the Putative Class Members. As a result, Progressive and Waste Connections are responsible, both individually and jointly, for compliance with all for the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

### III.
### JURISDICTION & VENUE

3.1    This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq.*

3.2    This Court has personal jurisdiction over Defendants because the cause of action arose within this district as a result of Defendants' conduct within this district.

3.3    Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

3.4    Specifically, Defendants have maintained a working presence throughout this District and Division and Plaintiff Serrano worked for Defendants at their Corpus Christi, Texas facility, which is located within this District and Division.

3.5    Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

# IV.
# FLSA COVERAGE

4.1     Progressive Waste Solutions, Ltd. was a joint employer with its subsidiary Progressive Waste Solutions of Texas, Inc. within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

4.2     Defendant Waste Connections, Inc. is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and has both independent and successor liability to Plaintiffs and the Putative Class Members. *Rojas v. TK Commc'ns, Inc.*, 87 F.3d 745, 749 (5th Cir. 1996).

4.3     At all times hereinafter mentioned, Defendants have been enterprises within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.4     At all times hereinafter mentioned, Defendants have been enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

4.5     During the respective periods of Plaintiffs and the Putative Class Members' employment by Defendants, these individuals provided services for Defendants that involved interstate commerce.

4.6     In performing the operations hereinabove described, Plaintiffs and the Putative Class Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

4.7    Specifically, Plaintiffs and the Putative Class Members are (or were) non-exempt employees of Defendants who were engaged in waste disposal services throughout the United States. 29 U.S.C. § 203(j).

4.8    At all times hereinafter mentioned, Plaintiffs and the Putative Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

4.9    The proposed class of similarly situated employees, i.e. potential class members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as "all waste disposal drivers who worked for Progressive Waste Solutions, Ltd., Progressive Waste Solutions of Texas, Inc. and/or Waste Connections, Inc., at any time in the last three years and had a thirty-minute meal-period break automatically deducted from their daily hours."

4.10   The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendants.

# V.
# FACTS

5.1    On June 1, 2016, Progressive Waste Solutions, Ltd. merged with Waste Connections, Inc.[5] The surviving entity currently operates under the name Waste Connections, Inc.[6]

5.2    Prior to the merger, Defendant Waste Connections was a Delaware corporation domiciled in the State of Texas. After the "reverse merger," Waste Connections merged into a "direct or indirect" subsidiary of Progressive Waste and changed its domicile to Canada.[7]

---

[5] https://www.sec.gov/Archives/edgar/data/1057058/000114420416075944/v429154_ex99-1.htm

[6] *Id.*

[7] *Id.*

5.3     Defendant Waste Connections is now the third-largest waste services company in North America.[8] "As one of North America's largest full-service waste management companies, Waste Connections, Inc. provides non-hazardous solid waste collection, recycling and disposal services to commercial, industrial, municipal and residential customers in 39 U.S. states and the District of Columbia and five Canadian provinces."[9]

5.4     Specifically, Waste Connections currently operates in the following states:  Alabama, Alaska, Arizona, Arkansas, California, Colorado, Florida, Idaho, Iowa, Illinois, Kansas, Kentucky, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Jersey, New Mexico, New York, North Carolina, North Dakota, Oklahoma, Oregon, Pennsylvania, South Carolina, South Dakota, Tennessee, Texas, Utah, Vermont, Virginia, Washington, Washington, D.C., and Wyoming.[10]

5.5     Waste Connections is currently divided into five corporate regions.[11] The office for the Southern Region is located in Texas, and upon information and belief, Waste Connections' United States headquarters is located in The Woodlands, Texas.

5.6     Upon information and belief, Progressive of Texas is now a wholly owned subsidiary of Waste Connections, Inc.

5.7     Both before and after the merger and renaming, Progressive advertised its services in Texas and represented that it is engaged in "all levels of management – from our corporate leadership

---

[8] http://www.progressivewaste.com/en/company

[9] https://www.sec.gov/Archives/edgar/data/1057058/000114420416075944/v429154_ex99-1.htm

[10] http://www.wasteconnections.com/locations/location-map.aspx.

[11] http://www.wasteconnections.com/locations/contact-customer-service.aspx.

to our local District Managers." Progressive also purported to hire employees on the local level. Specifically, Progressive's website's "Careers" page states the following:

> Progressive Waste Solutions is the leader in non-hazardous solid waste management in North America. We have a dynamic culture and aggressive growth plan perfectly suited to men and women who have a desire to succeed. As part of the Progressive Waste team you will enjoy industry-leading compensation, including a comprehensive benefits and retirement plan.[12]

5.8     Upon information and belief, Waste Connections assumed Progressive's liability incurred prior to the merger.

5.9     Plaintiff Serrano was employed by Progressive, Progressive of Texas, and Waste Connections as a waste disposal driver at their Corpus Christi, Texas facility until October 2016.

5.10    Plaintiff Daniels was employed by Progressive and Waste Connections as a driver at their Opelousas and Duson facilities in Louisiana from approximately November 2012 to December 2016.

5.11    Plaintiff Kelly was employed by Defendant Waste Connections as a waste disposal driver at their Monroe, Louisiana facility from approximately January 2014 to May 2015.

5.12    Plaintiffs and the Putative Class Members were responsible for providing Defendants' services to Defendants' clients through direct supervision and control by Defendants.

5.13    Plaintiffs and the Putative Class Members' job duties consisted of picking up and transporting residential and industrial waste to landfills or transfer stations.

5.14    Defendants had a corporate policy and practice of automatically deducting thirty minutes a day for a meal-period break.

5.15    Defendants made this deduction despite their actual knowledge that Plaintiffs and the Putative Class Members did not take a meal-period break, and instead continued driving their respective routes for Defendants' benefit during that alleged break.

---

[12] http://www.progressivewaste.com/en/company.

5.16 Further, Defendants required Plaintiffs and the Putative Class Members to indicate on their daily route sheet that they did in fact take a meal-period break.

5.17 Plaintiffs and the Putative Class Members were not allowed to report that they actually worked through lunch in order to receive the compensation to which they were entitled, which would have been overtime compensation when Plaintiffs and the Putative Class Members worked more than forty hours in that week.

5.18 As a result of Defendants' policy and practice of automatically deducting a thirty-minute meal-period break, Plaintiffs and the Putative Class Members were not compensated for all hours worked in excess of forty in a workweek at the rates required by the FLSA.

5.19 Defendants have employed, and currently employ, other individuals throughout the United States who performed (and continue to perform) the same or similar job duties under the same pay provisions as Plaintiffs.

5.20 Defendants were aware of their obligation to pay overtime to Plaintiffs and the Putative Class Members and failed to do so for all hours worked each week in excess of forty.

5.21 Plaintiffs and Putative Class Members told Defendants about not being paid for their daily thirty-minute meal-period break and Defendants did not correct the practice or offer any back pay.

5.22 Instead, Defendants knowingly, willfully, and with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation for all hours worked over forty each week with respect to Plaintiffs and the Putative Class Members.

5.23 Accordingly, Defendants' pay policies and practices violated (and continue to violate) the FLSA.

# VI.
# FAILURE TO PAY WAGES AND OVERTIME UNDER THE FAIR LABOR STANDARDS ACT

6.1　Defendants violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all of the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

6.2　Moreover, Defendants knowingly, willfully, and with reckless disregard carried out their illegal pattern of (a) failing to timely pay Plaintiffs and other similarly situated employees overtime compensation for all of the overtime hours they worked. 29 U.S.C. § 255(a).

6.3　Defendants knew or should have known their pay practices were in violation of the FLSA.

6.4　Defendants are sophisticated parties and employers, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

6.5　Plaintiffs and the Putative Class Members, on the other hand, are (and were) unsophisticated laborers who trusted Defendants to pay them according to the law.

6.6　The decisions and practices by Defendants to not pay for all hours worked was neither reasonable nor in good faith.

6.7　Accordingly, Plaintiffs and the Putative Class Members are entitled to be paid their hourly rate for all straight time hours up to forty (40) hours, and overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## B. COLLECTIVE ACTION ALLEGATIONS

6.8 Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of Defendants' employees who are (or were) similarly situated to Plaintiffs with regard to the work they have performed and the manner in which they have been untimely paid or, in some cases, not paid at all.

6.9 Other similarly situated employees of Defendants have been victimized by Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.

6.10 The Putative Class Members are as "all waste disposal drivers who worked for Progressive Waste Solutions, Ltd., Progressive Waste Solutions of Texas, Inc. and/or Waste Connections, Inc., at any time in the last three years and had a thirty-minute meal-period break automatically deducted from their daily hours."

6.11 Defendants' failure to pay Plaintiffs and the Putative Class Members for all of their hours worked and failure to pay them overtime wages for all of their overtime hours worked results from generally applicable policies and practices of Defendants, and does not depend on the personal circumstances of the Plaintiffs and Putative Class Members.

6.12 Thus, Plaintiffs' experiences are typical of the experiences of the Putative Class Members.

6.13 The specific job titles or precise job requirements of the various Putative Class Members does not prevent collective treatment.

6.14 All of the Putative Class Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

6.15 Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

6.16     Accordingly, the class of similarly situated plaintiffs is defined as:

**ALL WASTE DISPOSAL DRIVERS WHO WORKED FOR PROGRESSIVE WASTE SOLUTIONS, LTD, PROGRESSIVE WASTE SOLUTIONS OF TEXAS, INC. AND/OR WASTE CONNECTIONS, INC., AT ANY TIME IN THE LAST THREE YEARS AND HAD A THIRTY-MINUTE MEAL-PERIOD BREAK AUTOMATICALLY DEDUCTED FROM THEIR DAILY HOURS**

## VII.
## RELIEF SOUGHT

7.1     Plaintiffs respectfully pray for judgment against Defendants as follows:

a.     For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all potential collective action members;

b.     For an Order approving the form and content of a notice to be sent to all potential collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

c.     For an Order awarding Plaintiffs (and those who have joined in the suit) back wages that have been improperly withheld;

d.     For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiffs (and those who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those who have joined in the suit);

e.     For an Order awarding Plaintiffs (and those who have joined in the suit) the costs of this action;

f.     For an Order awarding Plaintiffs (and those who have joined in the suit) attorneys' fees;

g. For an Order awarding Plaintiffs (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

h. For an Order compelling the accounting of the books and records of Defendants; and

i. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *Austin W. Anderson*
**Austin W. Anderson**
Federal I.D. No. 777114
Texas Bar No. 24045189
austin@a2xlaw.com
**Clif Alexander**
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
**Lauren E. Braddy**
Federal I.D. No. 1122168
Texas Bar No. 24071993
lauren@a2xlaw.com
**ANDERSON2X, PLLC**
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

**ATTORNEYS IN CHARGE FOR PLAINTIFFS AND PUTATIVE CLASS MEMBERS**